**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JEFFREY BURKE, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:15-CV-01012 (VAB) |
| | : | |
| APOGEE CORPORATION, d/b/a IMPACT | : | |
| PLASTICS, and SUPERIOR PLASTICS | : | |
| EXTRUSION COMPANY, INC., | : | |
| Defendants. | : | |

## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

On August 4, 2017, the Court issued a ruling setting forth its findings of fact and

conclusions of law in connection with a bench trial held in this matter from February 13, 2017

through February 16, 2017. Order, ECF No. 117.

During the bench trial, Mr. Burke ("Plaintiff") asserted that his employment contract with

Apogee Corporation, d/b/a Impact Plastics ("Apogee") and Superior Plastics Extrusion

Company, Inc. ("Superior Plastics") (together "Defendants") provided him with the opportunity

to purchase a five per cent (5%) "shadow share" interest in the company. He argued that he

actually purchased this five per cent (5%) interest during the course of his employment, thus

entitling him to certain payments upon his termination, and that Defendants breached the

employment contract as well as the implied covenant of good faith and fair dealing by failing to

repurchase his shadow share interest upon his termination. Defendants, on the other hand,

asserted that Mr. Burke never finalized this purchase, therefore he was not entitled to any related

payments. The Court found for Defendants on all claims. *Id.*

Mr. Burke has now moved for reconsideration, arguing that he has a meritorious claim

for breach of the implied covenant of good faith and fair dealing and requesting an evidentiary

hearing to determine the appropriate relief.  Pl. Mot. for Reconsid., ECF No. 118.  For the reasons outlined below, Mr. Burke's motion is **DENIED.**

## I.    STANDARD OF REVIEW

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" (internal citations omitted)).  "[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader,* 70 F.3d at 257.

## II.    DISCUSSION

In his motion for reconsideration, Mr. Burke does not introduce any "decisions or data" that would reasonably alter the Court's conclusions.  *See id.*  Instead, he introduces a new legal theory that contradicts the theory he raised in the context of trial.  At trial, Mr. Burke unequivocally asserted that he completed his purchase of a five per cent (5%) shadow share interest in Apogee and Superior Plastics during the course of his employment.  In his motion for reconsideration, Mr. Burke now posits that Defendants' "misrepresentations deprived [him] of his continued opportunity to purchase shadow shares before his termination," thereby breaching the covenant of good faith and fair dealing.  Pl. Mot. for Reconsid. at 4, ECF No. 118.

"[A] party may not use a motion for reconsideration to 'relitigate an issue already decided' by advancing novel arguments that could have been raised previously." *Hadid v. City*

*of New York*, 182 F. Supp. 3d 4, 13 (E.D.N.Y. 2016) (quoting *Shrader*, 70 F.3d at 257); *see also Palmer v. Sena,* 474 F. Supp. 2d 353, 355 (D. Conn. 2007) ("A motion for reconsideration cannot be employed as a vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency of the underlying motion.") (internal quotations and marks omitted). Through this motion for reconsideration, Mr. Burke asserts a theory that he chose not to raise at trial: namely, that he was denied the opportunity to purchase shadow shares, a theory not only new, but wholly incompatible with the sworn testimony presented at trial.[1]

"It is ... 'well-settled' that a motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Diaz v. Bellnier*, 914 F. Supp. 2d 136, 139 (E.D.N.Y. 2013) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.* 684 F.3d 36, 52 (2d Cir. 2012) (internal quotations and marks omitted). This is precisely what Mr. Burke seeks to do here. Accordingly, Mr. Burke's motion for reconsideration is appropriately denied.

III.    **CONCLUSION**

Mr. Burke's [118] Motion for Reconsideration is **DENIED**. The Clerk of the Court is directed to enter judgment for Defendants and close this case.

SO ORDERED in Bridgeport, Connecticut this 25th day of September, 2017.

> /s/ Victor A. Bolden
> VICTOR A. BOLDEN
> UNITED STATES DISTRICT JUDGE

---

[1] In his Reply Brief, Mr. Burke seeks to characterize the Court's findings of fact as "newly discovered evidence" establishing a breach of the implied covenant of good faith and fair dealing. *See* Reply Br. at 1, ECF No. 120. The Court's findings of fact, however, are based entirely on the parties' presentations at trial, including Mr. Burke's sworn testimony that he did purchase a five per cent shadow share interest in Defendants. *See* Tr. I, 122:10-25. The Court's ruling thus properly considered the evidence presented at trial in finding Defendants not liable and neither created nor discovered evidence. *See United States v. Cuti*, No. 08 CR. 972 DAB, 2011 WL 4000993, at *2 (S.D.N.Y. Aug. 25, 2011) (rejecting argument that court order following a *Fatico* hearing is "newly discovered evidence," stating that "[t]he Court's ruling is not newly discovered evidence; it is law").